# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

CARLOS TERRILL MAXWELL, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-13-93-D
)
STATE OF OKLAHOMA and )
REESE LANE, )
)
        Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff brought this 42 U.S.C. § 1983 action claiming a violation of his civil rights while incarcerated as a pre-trial detainee in Payne County, Oklahoma. Doc. 1. He named the State of Oklahoma and Reece Lane, Payne County Jail Administrator, as Defendants. *Id.* The matter is before the undersigned Magistrate Judge on referral by United States District Judge Timothy D. DeGiusti for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The undersigned recommends that Plaintiff's action be dismissed without prejudice for the reason that he made allegations of poverty that are demonstrably untrue in seeking in forma pauperis status in this case.

## I.    Relevant procedural background.

On January 28, 2013, Plaintiff sought to proceed in forma pauperis, and the Magistrate Judge to whom this matter was initially referred granted the

request. Docs. 2, 5. The court ordered service of process and the preparation of a Special Report. Doc. 7. Plaintiff completed the necessary service papers and summons were issued. Docs. 9, 10. Nonetheless, and after the referral of the case to the undersigned, Plaintiff filed a second motion seeking in forma pauperis status on February 21, 2013. Doc. 13. Plaintiff filed this second motion jointly in this case and in another case he had subsequently brought in this court against Defendant Lane – CIV-13-145-F, Doc. 7.

A review of the docket sheet in the second case (CIV-13-145-F) showed that on February 20, 2013, Doc. 6, Plaintiff paid the full $350 filing fee. In the instant case, however, Plaintiff swore to the court through filings on January 28, 2013, Doc. 2, and February 21, 2013, Doc. 13, that he had insufficient assets or funds to prepay his filing fee. Moreover, in both filings, Plaintiff declared under penalty of perjury that he had not received money from any source within the past twelve months. Docs. 2, 13.

Accordingly, on February 28, 2013, the undersigned ordered Plaintiff to show cause by March 27, 2013, why this court should not determine his allegations of poverty to be untrue and why his case should not be dismissed as a result. Doc. 17. The Clerk mailed the order to Plaintiff at his then-docketed address – the same address he used when filing the second in forma pauperis application. The mailing was returned as undeliverable on March 8, 2013. Doc.

18. Three days later, in both his second case – CIV-13-145-F, Doc. 11 – and in yet a third case he filed in this court – CIV-13-109-D, Doc. 8, – Plaintiff filed a notice of change of address. Plaintiff did not file a change of address notification in the case at issue. Nonetheless, on March 13, 2013, the Clerk mailed a copy of the show cause order to Plaintiff at his new address. As of the date of this report, Plaintiff has neither responded to the show cause order nor has he filed anything further in this case.

II.  **Analysis.**

On January 28, 2013, Plaintiff sought and subsequently received permission to proceed in forma pauperis in this case pursuant to 28 U.S.C. § 1915. Docs. 2, 5. On February 21, 2013, he filed a second request for in forma pauperis status, once again under § 1915. Doc. 13. According to the provisions of that section, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2)(A).

Plaintiff swore in his first application and affidavit that he had only $22.18 in cash. Doc. 2, at 2. Then, approximately three weeks later, he filed a second affidavit, swearing that he had not received money, including through a gift, from any source within the past twelve months. Doc. 13, at 2. Nonetheless, on

3

February 20, 2013, Plaintiff paid $350 for the filing fee in CIV-13-145-F, Doc. 6, the case in which he jointly filed the second affidavit. Thus, these filings show that despite representing to the court in late January 2013, that he had only $22.18 in cash, Plaintiff was able to pay a $350 filing fee in another case some three weeks later – the day before swearing in this case that he had not received money from any source within the previous twelve months. Plaintiff's allegations of poverty are, on their face, demonstrably untrue. The undersigned gave Plaintiff the opportunity to show cause why this was not the case – and made certain that he received the order despite his failure to notify the court of his change of address – and he failed to respond in any matter.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(A), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[.]" (emphasis added).

### III. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's complaint and any stated cause of action be dismissed without prejudice.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by the 5th day of June, 2013, in

accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 15th day of May, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE